(17 App. Div. 471.)

ELLIS et al. v. JACOB.

(Supreme Court, Appellate Division, First Department. May 7, 1897.)

1. VOLUNTARY PAYMENT—WHEN DOCTRINE DOES NOT APPLY.

The doctrine of voluntary payment does not apply where plaintiff seeks to recover the unexpended balance of moneys advanced to defendant under an agreement that such balance should be returned to plaintiff.

2. EXTRADITION—PAYMENT TO OFFICER.

Pen. Code, § 51, forbidding an officer to ask or receive any fee or compensation for expenses incurred in procuring from the government a demand on the executive authority of a state or territory or of a foreign government, does not apply to international extradition proceedings.

Appeal from special term, New. York county.

Action by Frederick L. Ellis and another against Charles Jacob for an accounting. From an interlocutory judgment in favor of plaintiffs, defendant appeals. Affirmed.

Argued before RUMSEY, WILLIAMS, O'BRIEN, INGRAHAM, and PARKER, JJ.

Abraham Levy, for appellant.

Walter K. Barton, for respondents.

PARKER, J. Whether a party who advances, to a duly-accredited agent of the United States government, acting under the authority of a commission granted by the president, in the execution of a writ of extradition, a sum of money for the purpose of defraying his expenses,—the agent to return the overplus,—can recover the unexpended balance, is the question presented by this appeal. Ellis & Goltermann found in the early summer of 1895 that their bookkeeper was both a forger and defaulter, and had fled to England. At their instigation such proceedings were thereafter had that a writ of extradition was obtained and an indictment found, and upon a cablegram to the English police the bookkeeper was arrested and held for extradition. The defendant, Charles Jacob, became the duly-accredited agent of the United States for that purpose, by the authority of the commission granted by the president. The plaintiff promised to pay the expenses which should be necessarily incurred by him; and, when the question of the amount to be advanced came to be considered, the defendant proposed that plaintiffs should advance him $575, and promised to account for and turn over whatever sum should remain after defraying the necessary expenses of himself and the prisoner. On his return he refused to render any account to the plaintiffs, or to pay over to them what balance, if any, remained; and this suit was brought, resulting in an interlocutory judgment decreeing that the defendant is liable to the plaintiffs for whatever sum may remain in his hands over and above his necessary expenses, and appointing a referee to take and state the account.

The appellant urges on this appeal, first, that the plaintiffs are not entitled to recover, because by article 10 of the treaty concluded August 9, 1842, between the United States and the kingdom of Great Britain, the expense of apprehension and delivery must be borne by the party making the requisition, and that the word "party," as

used in the treaty, refers to the government making the requisition and receiving the fugitive. People v. Supervisors of Columbia Co., 134 N. Y. 1, 31 N. E. 322. The contention then is that, it being the duty of the government to incur the necessary charge and expense in the apprehension of the plaintiff's bookkeeper, the payment of moneys to the defendant, who was the agent of the government, was a voluntary payment, and therefore may not be recovered back. In this contention the defendant apparently loses sight of the fact that the plaintiffs are not seeking to recover back the sums of money which were actually expended by the defendant in the extradition of the bookkeeper. They concede that the defendant is entitled to every dollar that was legitimately expended by him for that purpose. What they seek to recover is a sum which they advanced to him to be used in case of necessity, and which he agreed to return in the event that there was no occasion for its use, and as to such sum there is no opportunity for the application of the doctrine of voluntary payment.

The further point is made that the money was paid to the defendant in violation of law, and therefore the plaintiffs are precluded from a recovery. This claim is sought to be founded upon section 51 of the Penal Code, which declares that:

"An officer of this state who asks or receives any fee or compensation of any kind for any service rendered or expense incurred in procuring from the governor of this state, a demand upon the executive authority of a state or territory of the United States, or of a foreign government, for the surrender of a fugitive from justice; * * * is guilty of a misdemeanor."

The answer to it is furnished in People v. Supervisors of Columbia Co., supra, where it is held that this section has reference only to interstate extradition, and does not apply to extradition from foreign countries, as the governor can have no power under an international treaty to make demand upon a foreign government for the surrender of such fugitive.

The judgment should be affirmed, with costs. All concur.